Darrell W. WHITE *v.* STATE of Arkansas

CA CR 00-1023                           42 S.W.3d 584

Court of Appeals of Arkansas
Division IV
Opinion delivered April 11, 2001

*The Cannon Law Firm, P.L.C.,* by: *David R. Cannon,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. A jury convicted appellant, Darrell W. White, of second-offense driving while intoxicated ("DWI"), driving with a suspended license, speeding, and failing to wear a seatbelt. White was sentenced to one year in the Pulaski County Jail for the DWI conviction and concurrent terms of thirty days for the speeding conviction and six months for driving with a suspended license. In addition, he was fined $25 for failing to wear a seat belt. Appellant raises two points in this appeal. First, he argues that the trial court erred in admitting the results of a breathalyzer test because the State did not make available for cross-examination those persons who calibrated or operated the machine used in

determining his blood-alcohol content. For his second point on appeal, appellant contends that the State did not present sufficient evidence to convict him of driving with a suspended license.

The basic facts of this case are not in dispute. Trooper Jeff Long of the Arkansas State Police encountered a 1970 Ford LTD traveling at seventy-nine miles per hour in a sixty-mile-per-hour zone along Interstate 40 near Levy between 7:00 and 7:15 p.m. on October 8, 1998. Long stopped the vehicle, and appellant, the only person in the vehicle, exited the car and met Long between his car and Long's police car. Long testified that he could smell the odor of alcohol on appellant and when he asked appellant about the odor, appellant explained that he had taken cough syrup earlier in the day.

Long proceeded to conduct two field-sobriety tests, the HGN test and the one-leg-stand test, on appellant. According to Long, appellant failed both tests. Specifically with regard to the one-leg-stand test, Long instructed appellant to raise one of his feet six inches from the ground while keeping his arms to his side and counting to thirty. Long testified that appellant lost his count and raised his arms twice for balance. Based on appellant's performance, Long testified that he opined that appellant was intoxicated and that his intoxication would hinder his ability to safely operate a vehicle. Long arrested appellant for DWI and asked appellant for his driver's licence. Appellant informed the trooper that his license had been suspended. Long then transported appellant to the Sherwood Police Department for a breathalyzer test. Over appellant's objection, the trial court admitted the results of the breathalyzer showing that appellant had a blood-alcohol content of 0.10 percent.

Prior to trial, appellant indicated that he wished to cross-examine all persons responsible for the calibration and certification of the B.A.C. Datamaster. The State failed to make such persons available at appellant's trial, and appellant objected to Long's testimony regarding the results of the breathalyzer. The court overruled the objection and admitted the testimony.

Arkansas Code Annotated section 5-65-206(d)(3) (Supp. 1999) provides:

> Nothing in this section shall be deemed to abrogate a defendant's right of cross-examination of the person calibrating the machine, the operator of the machine, or any person performing work in the Blood Alcohol Program of the Department of Health, who shall be made available by the state if notice of intention to

cross-examine is given ten (10) days prior to the date of hearing or trial.

In this case, the State concedes that appellant requested that those persons responsible for calibrating the machine be made available for cross-examination and that the State did not do so. Thus, it is clear that the trial court erred in admitting Trooper Long's testimony regarding the results of appellant's breathalyzer test. The State argues, however, that the admission of the breathalyzer results was harmless error. We disagree.

█ Pursuant to our DWI statute, a person violates the law by either operating a motor vehicle while intoxicated or operating a motor vehicle with a blood–alcohol content of one tenth of one percent (0.10%) or more. Ark. Code Ann. § 5–65–103 (Repl. 1997). *See also Whitson v. State*, 314 Ark. 458, 863 S.W.2d 794 (1993). In *State v. Johnson*, 326 Ark. 189, 931 S.W.2d 760 (1996), our supreme court held that conviction for DWI is not dependent upon evidence of blood–alcohol content in view of sufficient other evidence of intoxication. Thus, officer testimony that the defendant exhibited slurred speech and had red and glassy eyes combined with testimony of the odor of an intoxicant emanating from the defendant constituted competent evidence to support a DWI conviction even though the defendant's blood–alcohol content was 0.06 percent.

█ In this case, the jury was instructed that appellant could be convicted of DWI if they found beyond reasonable doubt that appellant operated or was in actual physical control of a motor vehicle while intoxicated pursuant to section 5–65–103(a) or operated a motor vehicle while there was 0.10 percent or more by weight of alcohol in his blood pursuant to section 5–65–103(b). It appears, therefore, that the jury might have convicted appellant of operating a motor vehicle while intoxicated based on the testimony of Trooper Long that appellant had an odor of alcohol about him and failed two field–sobriety tests without considering the improperly admitted testimony concerning appellant's blood–alcohol content. Under the court's holding in *Johnson,* sufficient evidence would support such a conviction.

██ In *Mitchell v. City of North Little Rock*, 15 Ark. App. 331, 692 S.W.2d 624 (1985), however, this court held that when the results of a breathalyzer test are improperly admitted into evidence there can be no conclusion other than the results were prejudicial to a determination that the appellant was intoxicated. In *Mitchell,* one

of the arresting officers testified that the defendant was unsteady on his feet, exhibited slurred speech, and had bloodshot eyes in addition to failing two field-sobriety tests and registering a 0.20 percent blood-alcohol level, double the legal limit. The State conceded that results of the breathalyzer test were improperly admitted into evidence, but as it does in the present case, argued that the admission was harmless error because the officer's testimony was sufficient to convict the defendant of DWI. The court agreed that the evidence was sufficient to support the conviction, but held that in a situation where the defendant is accused of DWI and breathalyzer test results showing the defendant's blood-alcohol content exceeds the legal limit are improperly admitted, reversal is required. Based on our decision in *Mitchell*, we hold that the improper admission of appellant's breathalyzer test was prejudicial error and reverse his conviction for DWI.

For his second point on appeal, appellant argues that the trial court erred in failing to grant his motion for a directed verdict on the charge of driving on a suspended driver's license. Specifically, appellant argues that the only evidence to support his conviction for driving with a suspended license was his uncorroborated confession. We do not agree and affirm.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Barr v. State*, 336 Ark. 220, 984 S.W.2d 792 (1999). The test for such motions is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence of sufficient certainty and precision to compel a conclusion one way or another and pass beyond mere suspicion or conjecture. *Peeler v. State*, 326 Ark. 423, 932 S.W.2d 312 (1996). On appeal, we review the evidence in the light most favorable to the appellee and consider only the evidence that supports the verdict. *Barr v. Sate, supra.*

Unless made in open court, a confession will not warrant a conviction unless the confession is accompanied by other proof that the offense was committed. Ark. Code Ann. § 16-89-111(d) (1987). Our supreme court has stated, "a confession is an admission of guilt as to the commission of a criminal act." *Stephens v. State*, 320 Ark. 426, 431, 898 S.W.2d 435, 437 (1995). In *Stephens*, the defendant told an officer that he was the driver of a vehicle and had been drinking prior to driving. On appeal, the defendant claimed that the evidence was insufficient to support his DWI conviction because the only evidence that he was driving the car was his pre-arrest statement to the officer. The defendant argued

that this statement was a confession that the State was required to corroborate. The court held that the statement was an admission but not a confession because the defendant had only admitted to one element of the offense of DWI, but that he did not admit to being intoxicated as that term is used in our DWI statute.

The instant action presents a fact scenario that is similar to that in *Stephens*. Here, appellant's admission to Long that his license had been suspended was only one element of the offense of driving with a suspended license. The criminal act of driving with a suspended license was established by appellant's admission in conjunction with Long's testimony that appellant was the only person in the vehicle. Thus, we hold that section 16-89-111(d) is inapplicable in the present action and affirm appellant's conviction for driving with a suspended license.

Affirmed in part; reversed in part.

HART and BAKER, JJ., agree.