Jack Jay PETERSON, Jr. *v.* STATE of Arkansas

CA CR 02-761 100 S.W.3d 66

Court of Appeals of Arkansas
Division III
Opinion delivered March 12, 2003

*Paul M. Gehring*, Deputy Public Defender, for appellant.

*J. Leon Johnson*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant Jack Peterson, Jr., appeals from an order of the Washington County Circuit Court finding him guilty of driving while intoxicated, fifth offense, violating the implied-consent law, and revoking his suspended sentence for driving while intoxicated, fourth offense. For reversal, appellant challenges the sufficiency of the evidence to support his convictions and the revocation of his suspended sentence. Appellant also asserts that the trial court erred by allowing the jury to set his sentence by applying both the DWI sentencing enhancement provision and the general habitual offender enhancement statute. We conclude that there was sufficient evidence to support appellant's convictions and the revocation of his suspended sentence; thus, we affirm on these points. However, we agree that the court could not use the habitual offender statute in conjunction with the DWI sentencing enhancement provision, and thereby we modify appellant's sentence from fifteen to ten years' imprisonment.

The facts of this case are as follows. At around 3:30 p.m. on December 5, 2001, Sergeant Robert Sanchez of the Springdale Police Department was dispatched to investigate an altercation at Harp's North. En route, dispatch informed Sergeant Sanchez that one of the suspects had left in a white Camaro. Sergeant Sanchez observed the vehicle traveling west on Christian Street and followed the vehicle to the Union Drive Apartments. At the apartment complex, Sergeant Sanchez made contact with the driver. At trial, he identified appellant as the driver. Sergeant Sanchez suspected that appellant was under the influence of alcohol and asked for appellant's identification. At that time, Officer Jeff Taylor arrived to assist Sergeant Sanchez. Officer Taylor had appellant perform a series of field sobriety tests. After appellant failed each test, he was placed under arrest and transported to the Springdale Police Department for a Breathalyzer test. At the station, appellant refused to submit to the Breathalyzer test. He was subsequently charged with driving while intoxicated, fifth offense, and violation of the implied consent law. The State also petitioned to revoke appellant's thirty-six months' suspended sentence for driving while intoxicated, fourth offense.

At appellant's April 4, 2002, jury trial on the driving while intoxicated charge and violation of the implied-consent law, the

court also considered the revocation of appellant's suspended sentence. During the trial, Sergeant Sanchez testified that:

> He [appellant] was pretty rattled trying to tell me about this fight and I noticed he had obviously been drinking, he had a strong odor of intoxicants coming from him and at that point I realized he was probably DWI. I think it was obvious in his demeanor that he'd been drinking. By his demeanor, I mean the way he was talking and he was extremely rattled.

Sergeant Sanchez also testified that during his contact with appellant he did not observe any drowsiness, nausea, or vomiting. He further testified that he did not have an opportunity to determine if appellant's pupils were unequal in size or whether appellant had any unusual eye movements.

Officer Taylor testified that while talking to appellant he too noticed a strong odor of intoxicants coming from appellant's person. He said that when questioned, appellant admitted to consuming two beers. Officer Taylor also testified that during his contact with appellant, he noted that appellant had slurred speech, unusual eye movement, and that he appeared confused.

Officer Taylor stated that he had appellant perform a series of field sobriety tests and that the first test was the horizontal gaze nystagmus test (HGN). Officer Taylor explained that there are six clues that he looks for during the test and that appellant failed the test after he found six of six clues. He stated that during the HGN test "I had lack of smooth pursuit of both eyes which means it was moving like windshield wipers. I had maximum deviation on both eyes. When I pulled it out to the maximum deviation both eyes were jerking, and then prior to onset forty-five degrees both eyes were jerking."

Officer Taylor testified that the next test was the walk-and-turn test. He stated that he explained and demonstrated the test to appellant and that appellant said he could not perform the test even if he was sober. Officer Taylor went on to state that:

> When he [appellant] started the test, he touched heel to toe, and on the fourth step he raised his arms to his side or actually about shoulder level. He was supposed to keep his arms to his side. He took ten steps instead of nine and then when he turned around he did the same thing. He took ten steps and raised his arms to

his side or to his shoulders. He failed the walk and turn test in my opinion. There are eight clues we look for on that test. If they perform two of those clues they're considered failing. The clues are failing to keep balance while walking, stepping off the line, taking an incorrect number of steps, raising arms for balance, failing to touch heel to toe, performing an improper turn, failing to complete the test, or failing to take all the required steps. He took too many steps and he raised his arms to his shoulder.

Officer Taylor explained that during the walk-and-turn test the subject is allowed to raise his arms six inches.

Officer Taylor testified that prior to performing the one-leg stand test, appellant informed him that his left leg was bad and that he gave appellant the option of choosing which leg he wanted to stand on. He stated that appellant chose to stand on his left leg. Officer Taylor further stated that appellant "stood there for about three seconds and started hopping a little bit and then put his foot down and switched legs and then raised his left leg and stood on his right leg for about five seconds before putting it down again." Officer Taylor testified that because appellant hopped and put his foot down, he failed the test. Based on the totality of the circumstances, Officer Taylor stated that he placed appellant under arrest for driving while intoxicated. Officer Taylor testified that when appellant indicated he did not understand the "implied consent warning," he read the warning to appellant. He stated that after having the warning read to him several times, appellant still did not understand the warning. Officer Taylor testified that due to appellant's failure to understand, his only option was to enter a refusal into the Breathalyzer. Officer Taylor testified that he also read the "right to another test form" to appellant. He stated that appellant refused to sign the form and that he refused to initial as to whether he understood the form.

The jury returned a guilty verdict, and the court revoked appellant's suspended sentence, finding that appellant had violated the terms and conditions of his suspended sentence. He was sentenced as a habitual offender to fifteen years' imprisonment for driving while intoxicated, fifth offense, and violation of the implied consent law, and was sentenced to three years' imprisonment for the revocation of his suspended sentence. The court ran the sentences consecutively.

In his first point for reversal, appellant asserts that the trial court erred in failing to grant his motions for directed verdicts. A motion for directed verdict is a challenge to the sufficiency of the evidence. *Burley v. State*, 348 Ark. 422, 73 S.W.3d 600 (2002). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Alexander v. State*, 78 Ark. App. 56, 77 S.W.3d 544 (2002). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Turner v. State*, 349 Ark. 715, 80 S.W.3d 382 (2002). When the defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State. *Id.*

Appellant challenges the sufficiency of the evidence to support his conviction for driving while intoxicated, fifth offense. He specifically asserts that there was no evidence that he was intoxicated. Pursuant to our DWI statute, a person violates the law by either operating a motor vehicle while intoxicated or operating a motor vehicle with a blood-alcohol content of eight-hundredths (0.08) or more. Ark. Code Ann. § 5-65-103 (Supp. 2001); *see also White v. State*, 73 Ark. App. 264, 42 S.W.3d 584 (2001). Intoxicated is defined as:

> influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination thereof, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians.

Ark. Code Ann. § 5-65-102(1) (Repl. 1997). The observations of police officers with regard to the smell of alcohol and actions consistent with intoxication can constitute competent evidence to support a DWI charge. *Johnson v. State*, 337 Ark. 196, 987 S.W.2d 694 (1999). Opinion testimony regarding intoxication is admissible. *Id.* Furthermore, the refusal to be tested is admissible evidence on the issue of intoxication and may indicate the defendant's fear of the results of the test and the consciousness of guilt. *Id.*

Here, appellant failed the field sobriety tests and refused to submit to a Breathalyzer test. Officer Taylor and Sergeant

Sanchez both testified that they smelled intoxicants on appellant's person. They opined that they believed appellant was intoxicated. There was also evidence that appellant had four prior driving while intoxicated convictions. Therefore, we cannot say that appellant's conviction for driving while intoxicated, fifth offense, was not supported by substantial evidence.

 Appellant also challenges the sufficiency of the evidence to support his conviction for violating the implied-consent law. He asserts that there was no evidence that the officer had reasonable cause to suspect that he was intoxicated. Our implied-consent law provides that:

> (a) Any person who operates a motor vehicle or is in actual physical control of a motor vehicle in this State shall be deemed to have given consent, subject to the provisions of § 5-65-203, to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the alcohol or controlled substance content of his or her breath or blood if:

> (1) The driver is arrested for any offense arising out of acts alleged to have been committed while the person was driving while intoxicated or driving while there was an alcohol concentration of eight-hundredths (0.08) or more in the person's breath or blood; or

> (2) The person is involved in an accident while operating or in actual physical control of a motor vehicle; or

> (3) At the time the person is arrested for driving while intoxicated, the law enforcement officer has reasonable cause to believe that the person, while operating or in actual physical control of a motor vehicle, is intoxicated or has an alcohol concentration of eight-hundredths (0.08) or more in the person's breath or blood.

Ark. Code Ann. § 5-65-202 (Supp. 2001). In *Parsons v. State*, 313 Ark. 224, 853 S.W.2d 276 (1993), our supreme court stated that it reads section 5-65-202(a)(3) to mean that the officer must develop a reasonable belief of intoxication at the time of arrest. Based on the evidence before us, Officer Taylor had a reasonable belief that appellant was intoxicated.

 Appellant further asserts that the revocation of his suspended sentence was not supported by substantial evidence. To revoke probation or a suspension, the trial court must find by a

preponderance of the evidence that the defendant inexcusably violated a condition of that probation or suspension. *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001). In order for appellant's suspended sentence to be revoked, the State need only prove that the appellant committed one violation of the conditions. *Id.* On appeal, the trial court's findings will be upheld unless they are clearly against a preponderance of the evidence. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001). Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or suspended sentence. *Id.* Since the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given testimony, we defer to the trial judge's superior position. *Id.*

 Appellant's suspended sentence was conditioned upon his good behavior, paying fines and costs, and following the recommendations of the Ozark Guidance Center. Appellant's arrest and subsequent convictions were in violation of the terms of his suspended sentence; therefore, we affirm the revocation of appellant's suspended sentence.

In his last point for reversal, appellant asserts that the trial court erred by allowing the jury to set his sentence by applying both the DWI enhancement provision for a fifth offense under Ark. Code Ann. § 5-65-111(b)(4) (Supp. 2001), and the general habitual-offender enhancement statute under Ark. Code Ann. § 5-4-501(a)(3)(F) (Supp. 2001). We interpret this as an assertion that his sentence is illegal on its face.

 The State concedes that appellant's sentence was not authorized under section 5-65-111(b)(4), and we agree. Section 5-65-111(b)(4) provides that:

> Any person who pleads guilty or nolo contendere to or is found guilty of violating § 5-65-103 or any other equivalent penal law of another state or foreign jurisdiction shall be imprisoned or shall be ordered to perform public service in lieu of jail as follows:
>
> * * *
>
> (4) For at least two (2) years but no more than ten (10) years for the fifth or subsequent offense occurring within five (5) years of the first offense or not less than two (2) years of community service and shall be guilty of a felony.

In *Lawson v. State*, 295 Ark. 37, 746 S.W.2d 544 (1988), our supreme court held that the DWI enhancement statute should not be coupled with the habitual-offender statute for the purpose of creating a greater sentence than if either statute had been applied singly. Thus, appellant's sentence is illegal on its face because it exceeded the maximum sentence allowed under section 5-65-111(b)(4). *See Cooley v. State*, 322 Ark. 348, 909 S.W.2d 312 (1995). Where the trial court's error has nothing to do with the issue of culpability and relates only to punishment, we may correct the error in lieu of reversing and remanding the case. *Roberts v. State*, 324 Ark. 68, 919 S.W.2d 192 (1996). Therefore, we modify appellant's sentence to ten years' imprisonment.

Affirmed as modified.

STROUD, C.J., and VAUGHT, J., agree.