Daniel Ray RUFFIN *v.* STATE of Arkansas

CA CR 02-1132                                          115 S.W.3d 814

Court of Appeals of Arkansas
Division III
Opinion delivered September 3, 2003

*Richard H. Young*, for appellant.

*Mike Bebee*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Appellant was convicted of first-degree forgery and sentenced to twelve years in the Arkansas Department of Correction. His conviction stems from the present-ment of a $500 check, issued by the State of Arkansas payable to appellant's step-father Hurshel Eagle, to Best Western Motel clerks in Stuttgart, Arkansas. On appeal, appellant argues that the evidence was insufficient to convict him and that the trial court erred in determining that his sentence should be served consecutively to the one that he was already serving. We affirm.

A motion for directed verdict is a challenge to the sufficiency of the evidence. *Peterson v. State*, 81 Ark. App. 226, 100 S.W.3d 66 (March 12, 2003). The test for determining the

sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* When the defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State. *Id.*

Appellant asserts that, although he stole the check with the purpose to defraud, he did not commit forgery because he did not "forge" anything. Appellant misunderstands the requirements of the statute. "A person forges a written instrument if *with the purpose to defraud* he draws, makes, completes, alters, counterfeits, *possesses, or utters* any written instrument that purports to be or is calculated to become or to represent if completed the act of a person who did not authorize that act." Ark. Code Ann. § 5-37-201(a) (Repl. 1997) (emphasis added). A person commits forgery in the first degree if he forges a written instrument that is issued by a government. Ark. Code Ann. § 2-37-201(b)(1) (Repl. 1997). The use of the disjunctive "or" between clauses indicates an alternative, an either-or choice. *See Bailey v. State,* 348 Ark. 524, 74 S.W.3d 622 (2002).

There is no question that appellant, with the purpose to defraud, possessed the check. Furthermore, appellant uttered the check to Best Western Motel, purporting that he had the authority to cash it. "Utter," as used in Ark. Code Ann. § 2-37-201(a) (Repl. 1997), includes the delivery or attempted delivery of a written instrument. *Faulkner v. State,* 16 Ark. App. 128, 697 S.W.2d 537 (1985). Appellant represented to clerks Jessica Larson and Amanda Hale that he wanted to use the check to acquire a room and that Mr. Eagle was on his way and wished to use the check to rent rooms at the motel for business. Moreover, Mr. Eagle testified that he did not authorize appellant to have the check or to negotiate it. Therefore, the foregoing facts are sufficient evidence to support appellant's conviction for first-degree forgery.

Next, appellant argues that his sentence should have been set concurrently with the sentence that he was already serving. Arkansas Code Annotated section 5-4-403(b) (Supp. 2001) provides:

> [W]hen a sentence of imprisonment is imposed on a defendant who has previously been sentenced to imprisonment, whether by a court

of this state, a court of another state, or a federal court, the subsequent sentence shall run concurrently with any undischarged portion of the previous sentence unless, upon recommendation of the jury or the court's own motion, the court imposing the subsequent sentence orders it to run consecutively with the previous sentence.

However, the State argues that appellant's failure to file an amended notice of appeal prevents this court from addressing the issue. We agree.

■■ A notice of appeal must designate the judgment or any final order appealed from, and final orders not mentioned in a notice of appeal are not properly before an appellate court. *See Daniel v. State*, 64 Ark. App. 98, 983 S.W.2d 146 (1998). Here, after appellant's conviction, the following colloquy took place:

> PROSECUTION: For the record, Your Honor, since Mr. Ruffin is here, do you want me to make that Judgment and Commitment consecutive or concurrent?
>
> DEFENSE: Your Honor, I believe the law provides that it is concurrent unless specifically made consecutive. We would ask that it be made concurrent. Or we would ask that the Court not modify it and make it consecutive.
>
> PROSECUTION: I'm just asking the Court.
>
> COURT: All right. I will allow a week to submit anything you want to on that, about the things you consider.
>
> PROSECUTION: I will leave that blank out.
>
> COURT: All right.

The judgment and commitment order was entered on March 21, 2002, and did not indicate whether the sentences would run concurrently or consecutively. Appellant filed his notice of appeal on April 5, 2002, prior to the trial court's order filed May 21, 2002, determining that appellant's sentences would be consecutive. There is no conten-

tion that appellant's sentence is illegal in any manner, which would entitle him to an automatic appeal pursuant to Ark. R. Crim. P. 37.1. Therefore, appellant was required to file an amended notice of appeal, and his failure to do so prevents us from addressing the issue on appeal.

Affirmed.

STROUD, C.J., and CRABTREE, J., agree.