SLIP OPINION



# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-12-1123

| | | |
|---|---|---|
| | | **Opinion Delivered** November 6, 2013 |
| JOSHUA E. HOGUE | | APPEAL FROM THE JOHNSON |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. CR–2011–11] |
| V. | | |
| | | HONORABLE WILLIAM M. |
| | | PEARSON, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO BE |
| | | RELIEVED GRANTED |

## ROBIN F. WYNNE, Judge

Joshua Hogue appeals from the revocation of his probation. His counsel has filed a

motion to be relieved as counsel and a no-merit brief pursuant to *Anders v. California*, 386

U.S. 738 (1967), and Rule 4–3(k)[1] of the Rules of the Arkansas Supreme Court and Court

of Appeals on the ground that the appeal is wholly without merit. Hogue has filed pro se

points for reversal, and the State has filed a response brief. We affirm and grant counsel's

motion.

On July 22, 2011, Hogue pled guilty to possession of a controlled substance with

intent to deliver (marijuana) (a Class C felony), possession of drug paraphernalia (a Class C

felony), and possession of a firearm by certain persons (a Class D felony). He was sentenced

---

[1]Counsel erroneously cites Rule 4–3(j), which governs the preparation of briefs for
indigent appellants, rather than Rule 4–3(k).

to eighty-four months' probation for possession of drug paraphernalia and sixty months' probation for each of the other two counts; he was also fined $850 and assessed various costs and fees, as well as a monthly probation fee of $25, to be paid in regular monthly payments of $65 beginning August 22, 2011. Hogue signed an acknowledgment of his conditions of probation, which included the requirements that he not commit a criminal offense punishable by imprisonment and that he make regular monthly payments in the amount of $65.

On August 14, 2012, the State filed a petition for revocation, alleging that Hogue had violated the conditions of his probation by failing to pay fines, probation fees, and court costs and by committing a criminal offense punishable by imprisonment. At the revocation hearing on September 7, 2012, Hogue's probation officer, Wendy Phillips, testified that she personally went over the written conditions of probation with Hogue. Regarding his required payments, Phillips testified that she requested that the court waive Hogue's probation fee, so he was required to pay $40 a month on his fine and court costs, beginning August 2011. She testified that he had not made any payments. Phillips further testified that during a conference that included her supervisor, Hogue, and herself, Hogue admitted that he was selling drugs to make money. She was present when an arrest warrant was executed on Hogue.

Shannon Holman of the Fifth Judicial District Drug Task Force testified that on August 3, 2012, he executed an arrest warrant on Hogue for one count of delivery of methamphetamine. He stated that during the arrest at a residence in Lamar, Hogue was found in a bedroom, lying directly on top of a .38 caliber revolver, which was stolen, and

next to a bag that contained a syringe with methamphetamine inside. After the arrest, Hogue was Mirandized and signed a *Miranda* form. Hogue stated that he had used methamphetamine about four days earlier. He also stated that he did not know where the gun came from.

Next, Hogue testified that during the period of time that he failed to pay, he was physically unable to work after he had been run over by a pickup truck—resulting in his left leg being "ripped off"; having a carbon fiber hip put in; having four titanium plates put in his lower left leg; having a plastic ankle put in; and having a titanium plate put in his forehead and a steel mesh sinus cavity put in. He testified that he was still unable to work but had been unable to obtain disability benefits after being denied twice because he was in jail and missed appointments. He admitted to making the statement on August 8 that he was living as a drug dealer, but he claimed that he was being a "smart aleck" and did not mean it as a truthful statement.

At the conclusion of the hearing, the court found that Hogue had violated the conditions of his probation by failing to pay as ordered and committing the new criminal offenses of selling drugs and being a felon in possession of a firearm. In an order entered on September 26, 2012, the court revoked Hogue's probation and sentenced him to ten years in the Arkansas Department of Correction on the Class C felonies and six years on the Class D felony, to run concurrently. This appeal followed.

In the appellant's brief, counsel asserts that there are no meritorious grounds for reversal. Counsel correctly points out that there were no objections made during the revocation hearing, and the only adverse ruling is therefore the revocation decision itself.

SLIP OPINION

In a revocation hearing, the State is obligated to prove by a preponderance of the evidence a violation of a term or condition of the defendant's probation. *Scroggins v. State*, 2012 Ark. App. 87, at 9, 389 S.W.3d 40, 45. The State's burden is not as great in a revocation hearing as it is in a criminal proceeding; therefore, evidence that is insufficient for a criminal conviction may be sufficient for revocation. *Cannon v. State*, 2010 Ark. App. 698, 379 S.W.3d 561. We do not reverse a trial court's findings on appeal unless they are clearly against the preponderance of the evidence. *Id*.

Here, we agree that there was sufficient evidence from which the trial court could have found by a preponderance of the evidence that Hogue had violated the conditions of his probation. The testimony of the arresting officer placed Hogue in possession of a firearm and within arm's reach of methamphetamine. Although Hogue testified and offered reasons for his failure to pay, the court was not required to find that his failure to pay was justifiable.

Hogue makes the following arguments in his pro se points: 1) trial counsel was ineffective for failing to challenge the petition for revocation that was undated and signed in the name of the deputy prosecuting attorney; 2) Hogue was twice placed in jeopardy when the court entered its order that entered findings of guilt to the original charges and resentenced him; 3) the written judgment does not reflect the sentence that was announced in open court; and 4) trial counsel was ineffective for failing to subpoena Hogue's medical and mental-health records in relation to the head injury that he suffered in a near-fatal car accident.

First, the two points in which Hogue argues that his trial counsel was ineffective were not raised below. It is well settled that our appellate courts will not consider ineffective

assistance as a point on direct appeal unless that issue has been considered by the trial court. *Ratchford v. State*, 357 Ark. 27, 31, 159 S.W.3d 304, 306–07 (2004). Therefore, we do not address those arguments.

Next, we agree with the State that Hogue's double-jeopardy argument is without merit. Revocation proceedings are not considered a stage of a criminal prosecution and, thus, do not subject a criminal defendant to double jeopardy. *Walton v. State*, 2013 Ark. 265, at 4.

Finally, Hogue argues that the written judgment does not reflect the sentence that the judge stated at the revocation hearing, specifically regarding his financial obligations. As the State points out, even if there were a discrepancy between the court's pronouncement of sentence from the bench and the written judgment, a circuit court retains jurisdiction and may modify its pronounced sentence prior to entry of the sentencing order. *Marshall v. State*, 2010 Ark. 500 (*citing Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003)).

Affirmed; motion to be relieved as counsel granted.

GLOVER and VAUGHT, JJ., agree.

*John C. Burnett*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.