SLIP OPINION                Cite as 2016 Ark. App. 63


# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-14-1022

| | |
|---|---|
| LEOPOLDO D. APODACA<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** February 3, 2016<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO. CR-11-634]<br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Leopoldo D. Apodaca appeals from the Union County Circuit Court's revocation of his suspended sentence. On appeal, Apodaca argues that the circuit court erred by admitting out-of-court statements that violated his constitutional right to confront a witness. We affirm.

On March 13, 2012, Apodaca pled guilty to aggravated cruelty to a dog, and the Union County Circuit Court sentenced him to twenty-four months' imprisonment in the Arkansas Department of Correction ("ADC") followed by a forty-eight-month suspended, sentence. On June 25, 2014, the State filed a petition to revoke Apodaca's suspended sentence, alleging that he committed third-degree domestic battery against Amber Wallace on June 15, 2014. On July 24, 2014, the circuit court held a revocation hearing.

Wallace was not present and did not testify at the hearing. Detective Scott Harwell testified about his attempts to locate Wallace. Specifically, Harwell testified that he had called Wallace's mother on several occasions, but Wallace's mother informed him that she was not

speaking to her daughter and had not seen her since the June 15 incident. Harwell stated that he had visited two different residences where he heard Wallace might be located, but he did not find her at those addresses. He also stated that he had identified telephone numbers for Wallace, but the numbers had been disconnected.

Officer Robert Seely with the El Dorado Police Department testified that on June 15, 2014, he performed a traffic stop on Wallace's brother for speeding. During the stop, Wallace's brother informed Seely that he was speeding to meet his sister, who was injured. Officer Seely then followed Wallace's brother to Wallace's location where he observed Wallace bleeding profusely from her mouth and holding both sides of her face. Officer Seely further testified that Wallace had difficulty talking because of a swollen jaw. Officer Seely asked Wallace what happened, and Wallace informed him that she had gotten into a physical altercation with her boyfriend, Apodaca.

During Officer Seely's testimony, Apodaca's defense counsel objected, asserting that the testimony violated his constitutional right to confront Wallace because Wallace was not present at the hearing and Apodaca could not cross-examine her.[1] The circuit court overruled Apodaca's objection.

Apodaca then testified on his own behalf. He stated that he did not have a physical altercation with Wallace on June 15, 2014. He noted that he had seen Wallace on that day and that they had gotten into a verbal disagreement, but Wallace's injuries had nothing to do

---

[1] Apodaca's counsel also objected to the testimony on hearsay grounds, and the court overruled the objection. However, Apodaca does not appeal the court's ruling on the hearsay objection.



with him. Apodaca admitted that he had a violent history with Wallace and that he was convicted of third-degree domestic battery of Wallace in 2011.

Following his testimony, the circuit court revoked Apodaca's suspended sentence. The court noted that it was

> satisfied that the confrontation issue had been addressed. A good-faith effort ha[d] been made by the victim [sic] in this case, who happens to be the same victim of Mr. Apodaca's from May 7, 2011. I'm satisfied with the information given to Officer Seely that the injuries suffered by . . . that he observed and suffered by the victim Amber Wallace were delivered by this defendant on June 15 of this year.

The court then sentenced Apodaca to fours years' imprisonment, and Apodaca filed this timely appeal.

On appeal, Apodaca argues that his constitutional right to confront Wallace was violated by the testimony of Officer Seely regarding what Wallace had told him. Apodaca recognizes that such hearsay testimony is admissible in revocation hearings when the State shows that confrontation is undesirable or impracticable and when the court considers the reliability of evidence that the State offers in place of live testimony. However, Apodaca asserts that the circuit court did not consider the reliability of Officer Seely's testimony in this case.

A defendant's right to confront his accusers during a revocation hearing is codified in Arkansas Code Annotated section 16-93-307(c)(1) (Supp. 2015). It requires the circuit court to make a finding of good cause before admitting such testimony. *Goforth v. State*, 27 Ark. App. 150, 767 S.W.2d 537 (1989) (citing *Morrissey v. Brewer*, 408 U.S. 471 (1972)). This court has held that in a revocation proceeding, the circuit court must balance the right to confront

witnesses against the grounds asserted by the State for not requiring confrontation. *Id.* Specifically, this court has held that the circuit court must first assess the explanation offered by the State for why confrontation is undesirable or impracticable. *Id.* A second factor to be considered is the reliability of the evidence that the government offers in place of live testimony. *Id.*

In *Cannon v. State*, this court held that the circuit court erred in considering the hearsay testimony of a police officer that violated the defendant's right to confront a witness because "the trial court did not make a finding that the in-court witness's testimony had some indicia of reliability." *Cannon v. State*, 2010 Ark. App. 698, at 7, 379 S.W.3d 561, 565. This court noted that "[t]his requirement does not impugn the officer's integrity, or suggest that his testimony should be excluded, or that it is insufficient to support revocation; rather it is necessary to permit hearsay testimony that prevents the right of confrontation." *Id.*

In this case, the circuit court stated in its ruling that it was "satisfied with the information given to Officer Seely that the injuries suffered by . . . that he observed and suffered by the victim Amber Wallace were delivered by this defendant." This statement suffices as a finding of reliability. Accordingly, the circuit court did not err in admitting the testimony, and we affirm the revocation.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*N. Mark Klappenbach*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.