Larry GOFORTH *v.* STATE of Arkansas

CA CR 88-219                                        767 S.W.2d 537

Court of Appeals of Arkansas
Division II
Opinion delivered April 12, 1989

*James R. Marschewski*, by: *R. Paul Hughes III*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant appeals from the revocation of his suspended sentence. On August 11, 1986, the appellant pled guilty to sexual abuse in the first degree. The imposition of his five-year sentence was suspended. A petition to revoke the appellant's suspended sentence was filed on November 19, 1987, and it alleged that the appellant had committed the offense of sexual abuse in the first degree. At the hearing to revoke, the only evidence the State put on was the testimony of Larry Deason, the deputy sheriff who investigated the complaint. On appeal the appellant argues that his constitutional right to due process was violated because he was denied the ability to confront and cross-examine witnesses against him. We find the appellant's argument to be meritorious and we reverse and remand.

Larry Deason testified that he came into contact with the

four-year-old victim at the hospital. The child had been taken to the hospital at Deason's request. Deason testified that the child told him the appellant had shown him some pictures of naked women in some magazines. According to Deason, the child then told him that the appellant had put the magazines into a white station wagon behind his property. Deason stated that the magazines were retrieved from the car indicated by the child and these magazines were entered into evidence. Deason then said that the child told him the appellant had taken down his pants, and grabbed him and "shook it till it hurt."

Although in a revocation hearing a defendant is not entitled to the full panoply of rights that attend a criminal prosecution, *Morrissey* v. *Brewer*, 408 U.S. 471 (1972); *United States* v. *Strada*, 503 F.2d 1081 (8th Cir. 1974), he is entitled to due process. Because due process is a flexible concept, each particular situation must be examined in order to determine what procedures are constitutionally required. *Id.*

In *Gagnon* v. *Scarpelli*, 411 U.S. 36 (1973), the United States Supreme Court held that in a revocation proceeding the accused is entitled to "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)". This holding has been codified at Ark. Code Ann. § 5-4-310 (c)(1) (1987) which states:

> The defendant shall have the right to confront and cross-examine adverse witnesses unless the court specifically finds good cause for not allowing confrontation.

In a probation revocation proceeding the trial court must balance the probationer's right to confront witnesses against grounds asserted by the State for not requiring confrontation. *United States* v. *Bell*, 785 F.2d 640 (8th Cir. 1986). First, the court should assess the explanation the State offers of why confrontation is undesirable or impractical. *Id.* at 643. A second factor that must be considered, and one that has been focused on by a number of courts, is the reliability of the evidence which the government offers in place of live testimony. *Id.* at 643.

As was the case of the hearsay testimony given by a probation officer in *Bell*, no finding was made by the trial court as

to why confrontation is not desirable or is not practical. Therefore, we are unable to assess whether producing the witness would have presented significant difficulty. Although the State argued that the child was only four years old, the trial court did not attempt to make an inquiry as to whether the child would be competent to testify. The trial court may well have been justified in not requiring the child to testify, but on this record we are unable to make that determination.

Furthermore, the State has not shown any particular reliability as to Deason's testimony. As noted in *Bell*, police reports are significantly less reliable evidence of whether the allegations of criminal conduct they contain are true. *Bell* at 643. We think the same can be said for hearsay testimony given by a police officer that is uncorroborated and unsubstantiated. We do not mean to impugn Officer Deason's integrity or to suggest that his testimony should be excluded or that it is insufficient to support a revocation; we are merely saying that in order to use this type of hearsay testimony the trial court must make a finding of good cause for not allowing confrontation and the State must put on some evidence that gives the statement the indicia of reliability.

We are not persuaded by the State's argument. The right to confront witnesses applies only to witnesses who testify; it does not compel the State to produce every possible witness. *Lockett* v. *State*, 271 Ark. 860, 611 S.W.2d 500 (1981). In this case, Lockett had made a confession that was used against him in his revocation proceeding. There were several witnesses to the confession who testified, but Lockett's argument was that he was denied his right to confront *all* of the witnesses to the confession. In stating that the right only applies to witnesses who testify, the Arkansas Supreme Court was distinguishing between a revocation hearing and a *Denno* hearing in which the State must show that the confession was given voluntarily.

Although we concur with the State's assertion that the rules of evidence do not apply in revocation proceedings, *Lockett, supra*, we do not believe that this rule is meant to deny a probationer his due process right to confront witnesses. In the case cited to us by the State, the right to confrontation either was not argued on appeal, *Felix* v. *State*, 20 Ark. App. 44, 723 S.W.2d

154

839 (1987), or was not preserved by an appropriate objection to the trial court. *Fitzpatrick* v. *State*, 7 Ark. App. 246, 647 S.W.2d 480 (1983). In the case at bar the issue was properly preserved.

We reverse and remand for a further proceeding consistent with this opinion.

Reversed and remanded.

CORBIN, C.J., and JENNINGS, J., agree.