2013 Ark. App. 64

**Sherbbie LAMBERT, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 12–33.**

Court of Appeals of Arkansas.

Feb. 6, 2013.

Teresa Bloodman, for appellant.

Dustin McDaniel, Att'y. Gen., by: Nicana C. Sherman, Ass't. Att'y. Gen., for appellee.

BRANDON J. HARRISON, Judge.

Sherbbie Lambert appeals the Faulkner County Circuit Court's decision to revoke her probation, which resulted in the court sentencing her to fifteen years in the Arkansas Department of Correction. Lambert raises two perceived errors: (1) the circuit court wrongly found that she had received the statutorily required notice of the terms and conditions of her probation, and (2) the circuit court mistakenly found that the State proved by a preponderance of the evidence that she had violated at least one condition of her probation. We affirm on both points.

### Background

In a judgment-and-disposition order filed in January 2006, Lambert pled guilty to committing five felonies. The felonies involved two separate cases. In case number 2004–2684, Lambert pled guilty to possession of a controlled substance with intent to deliver and possession of drug paraphernalia. In case number 2005–807, she pled guilty to possession of a controlled substance with intent to deliver, maintaining a drug premises within one thousand feet of a drug-free zone, and possession of drug paraphernalia. Lambert received a suspended imposition of sentence for the two counts of possession of a controlled substance with intent to deliver and was sentenced to five years' probation on each of the remaining counts.

Lambert's probation conditions were attached to the order and signed by the circuit judge.

In March 2006, the State sought a revocation warrant because Lambert had allegedly violated her probation in four ways: (1) failure to report for office visits as directed, (2) failure to report for group sessions as directed, (3) failure to report for drug tests as directed, and (4) failure to abstain from illegal drug use. A bench warrant was issued for Lambert's arrest, and she was arrested in July 2011.

A revocation hearing was held in September 2011. At the hearing's end, the court ruled that Lambert had violated the terms and conditions of her probation by not reporting to her probation officer, not attending group sessions, and not submitting to required drug testing. Then it pronounced its sentences. On the charge of possession of drug paraphernalia (case number 2004–2684), the court sentenced Lambert to seven-and-a-half years' imprisonment. On the charges of possession of drug paraphernalia and maintaining a drug premises (case number 2005–807), the court imposed a sentence of seven-and-a-half years' imprisonment and fifteen years' imprisonment, respectively. All sentences were to run concurrently. The circuit court subsequently entered a judgment-and-commitment order ⌊3from which Lambert has timely appealed.

### Standard of Review

■ The State must prove, by a preponderance of the evidence, that Lambert received the statutorily required written notice of the terms and conditions of her probation. The State must also prove, by a preponderance of the evidence, that Lambert violated a condition of probation. *Williams v. State*, 351 Ark. 229, 233, 91 S.W.3d 68, 70 (2002). But it need only prove that a defendant violated one proba-

tionary term or condition before a circuit court may revoke probation. *Rudd v. State*, 76 Ark.App. 121, 124, 61 S.W.3d 885, 888 (2001). We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Williams*, 351 Ark. at 234, 91 S.W.3d at 70. Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. *Id.*, 91 S.W.3d at 70. Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony; so we defer to the circuit court's superior position when it comes to assessing a witness's believability. *Id.*, 91 S.W.3d at 70–71.

### A Preponderance of the Evidence Supports the Circuit Court's Decision that Lambert Received Notice of Probationary Conditions as Required by Law

■ For her first point on appeal, Lambert says the State failed to prove that she received the statutorily required written notice of the terms and conditions of her probation. Therefore, Lambert argues, the court erred in revoking her probation. Arkansas Code Annotated section 5–4–303 provides that when a defendant is placed on probation, the court must "attach such conditions as are reasonably necessary to assist the defendant in leading a ⌊4law-abiding life," and the defendant must be given "a written statement explicitly setting forth the conditions under which he or she is being released." Ark.Code Ann. § 5–4–303(a), (e) (Supp.2011).

During the revocation hearing, Lambert's probation officer, Terry Rowlett, told the circuit court that Lambert had failed to report for an office visit that was scheduled on 20 March 2006. Rowlett also said that, on 8 March 2006, Lambert's

blood had tested positive for cocaine—and Lambert had also missed drug tests and group sessions that were scheduled on March 17, March 20, and March 22 of 2006. During Rowlett's testimony, Lambert's counsel moved to dismiss the State's motion for revocation because it had not provided a document signed by Lambert acknowledging that she understood the probationary conditions. Counsel argued that, because there was no evidence that Lambert had acknowledged or knew about the terms and conditions of probation that she had allegedly violated, the court could not hold her responsible for violating them.

The circuit court denied the motion after directly asking Rowlett if the conditions of probation had been explained to Lambert, and Rowlett said, yes, the conditions of probation had been explained to Lambert on 30 January 2006. Here is the exchange as it appears in the record: [1]

> THE COURT: Let me ask a question. Were the conditions of probation ever explained to Ms. Lambert by you or anyone in your office?
>
> Ms. ROWLETT: Yes, Your Honor, they were.
>
> THE COURT: When would that have been done?
>
> Ms. ROWLETT: It would have been done on January 30th.

During follow-up questioning, Rowlett said that she had reviewed the conditions of probation with Lambert, that Lambert indicated that she understood them, and that Lambert signed a copy of the conditions. Rowlett admitted, however, that she could not produce a signed copy of the conditions. She also testified that Lambert was given a copy of the terms and conditions of her probation.

Lambert argues that the conditions of probation introduced as evidence during the revocation hearing were signed by the circuit judge but not by her. And she asserts that "[n]ot one credible witness was called to attest to and verify that the appellant was provided with a copy of the order or that she signed the order." Lambert cites *Neely v. State,* 7 Ark.App. 238, 647 S.W.2d 473 (1983), to support her argument. There, this court reversed the revocation of a suspended sentence because the State had failed to produce any proof that the defendant knew the conditions of his suspension. Lambert contends that we must reverse because her case is like *Neely.*

In response, the State concedes that a defendant must be given a written statement that expressly communicates the conditions of release. Ark.Code Ann. § 5–4–303(e). But it also says that the statute neither requires that a defendant sign a written acknowledgment that she received a written copy of the conditions, nor that it must introduce a signed acknowledgment into evidence during a revocation hearing. Pointing to *Patterson v. State,* 99 Ark.App. 136–A, 136–C, 257 S.W.3d 921, 923 (2007), the State argues that this court has previously rejected the acknowledgment-related argument that Lambert makes here. In *Patterson,* we held that no controlling legal authority requires the State to introduce a signed acknowledgment that proves—through documents—that a defendant actually received a copy of the terms and conditions of probation. *Id.,* 257 S.W.3d at 923.

Lambert replies that *Patterson* is distinguishable from this case because, there, the defendant said that he had not signed an "acknowledgment of receipt" of the conditions of his probation, and here Lambert

---

1. Lambert's abstract wrongly states that Rowlett said that she did not provide a written

copy of the terms and conditions to Lambert. The record clearly states the opposite.

says she did not sign the conditions of probation. She also contends that Patterson's personal testimony during his revocation hearing did not refute his probation officer's testimony. In contrast, as Lambert herself brings up in her brief, she did not testify during the revocation hearing.

The State is correct: it does not have to introduce into evidence a piece of paper, which the defendant has signed or initialed, that acknowledges she has in fact received written notice of the probationary terms and conditions. *See Patterson, supra.* We are not persuaded by Lambert's attempt to distinguish *Patterson.*

Nor is this case like *O'Neal v. State,* 2010 Ark. App. 241, 2010 WL 816340, where we reversed a revocation because it was "undisputed" that defendant O'Neal "neither received a copy of his probation conditions nor signed or initialed them," and he "did not meet with his probation officer face-to-face." *Id.* at 1–2, 2010 WL 816340. This case is different in a meaningful way, because Rowlett testified that she explained the conditions of probation to Lambert (in a face-to-face meeting), that Lambert signed a copy of the conditions, and that Lambert received a written copy of the terms and conditions. Rowlett also testified that, for some time, Lambert had complied with the required conditions before going AWOL. This course of conduct is evidence that Lambert knew what she had to do and when she had to do it.

However it is expressed, Lambert's base position is that the State did not introduce sufficient evidence that she signed the conditions of probation and that Rowlett is "not credible related to the delivery of a copy of an unsigned Conditions of Probation form."[2] We disagree. The circuit court heard and credited testi-mony from Lambert's probation officer that Lambert was advised of her probationary terms and conditions and given a written copy of those conditions. Therefore, the circuit court's conclusion that Lambert received a written copy of the probation conditions is not clearly against the preponderance of evidence given that the court credited Rowlett's testimony.

### The Circuit Court Received Sufficient Evidence to Revoke

Lambert also argues that the court lacked sufficient evidence to conclude that she violated her probationary conditions. Lambert argues that although Rowlett testified that Lambert had failed to attend group sessions, Rowlett could not give the court the dates of the group sessions that Lambert had missed. Lambert also argues that no witness testified about the reliability of the testing of her urine sample that was found to be positive for cocaine; nor did the State establish, says Lambert, a proper chain of custody of the urine sample. Finally, Lambert again argues that the State did not introduce a signed copy of her conditions of probation and that "there is not one scintilla of proof that she had actual notice of or signed any form acknowledging or consenting to the conditions of probation."

We disagree with Lambert's view of the evidence regarding the alleged violations of her probation. As we have pointed out, the State put on proof that Lambert did not contact or report to her probation officer on 20 March 2006 as directed. Nor did she attend any group sessions, or submit to all the required drug tests, before the arrest warrant issued on 24 March 2006. The circuit court's decision to im-

---

2. Lambert also makes a two-sentence argument in her reply brief that a required, express condition of probation was not included in her conditions. We will not review this tardy argument. *State v. McCormack,* 343 Ark. 285, 291, 34 S.W.3d 735, 738–39 (2000).

pose sentences in the two underlying criminal cases was sufficiently supported by the evidence once it believed Rowlett's testimony that Lambert had violated at least one of the conditions. On the urine sample's reliability, the circuit court did not revoke Lambert's probation based on the positive drug test, so she was not prejudiced by the test results in any event.

### Conclusion

We affirm the circuit court's decision to revoke Lambert's probation and to sentence her to a term of imprisonment.

Affirmed.

WYNNE and GRUBER, JJ., agree.