SLIP OPINION



Cite as 2013 Ark. App. 466

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–69

KENNETH DALE JONES
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

Opinion Delivered September 4, 2013

APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT
[NOS. 17CR-05-483, 17CR-05-595]

HONORABLE GARY COTTRELL, JUDGE

AFFIRMED

## ROBIN F. WYNNE, Judge

Kenneth Dale Jones appeals from the Crawford County Circuit Court's decision to revoke his suspended imposition of sentence. He argues in his brief that the trial court erred by admitting a laboratory report into evidence at the hearing on the State's petition to revoke his suspended sentence. The trial court's sentencing order is affirmed.

In 2006, appellant pled guilty to two counts of possession of methamphetamine with intent to deliver, two counts of possession of drug paraphernalia, and one count of possession of marijuana with intent to deliver. He was sentenced to a total of 120 months' imprisonment, followed by 120 months' suspended imposition of sentence. Among the conditions of his suspended sentence were requirements that he not commit a criminal offense punishable by imprisonment and that he not use, sell, distribute, or possess any controlled substance.

In July 2012, the State filed a petition to revoke appellant's suspended sentence in

which it alleged that appellant committed the new offenses of possession of a controlled substance, possession of a controlled substance with intent to deliver, simultaneous possession of drugs and firearms, and possession of firearms by certain persons. At the hearing on the petition to revoke, the State introduced a copy of a laboratory report. Appellant objected to the admission of the report, arguing that, because the analyst who prepared the report was not present to testify, admission of the report would violate his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. The trial court overruled the objection, and the report was admitted into evidence.

At the conclusion of the hearing, the trial court found that appellant violated the terms of his suspended sentence by possessing drugs and drug paraphernalia and revoked his suspended sentence. Appellant was sentenced to a total of 240 months' imprisonment.[1] This timely appeal followed.

On appeal of a revocation, our review is directed toward determining whether the trial court's findings are clearly against the preponderance of the evidence. *Patrick v. State*, 2010 Ark. App. 541. In order to revoke the terms of probation, the State must prove by a preponderance of the evidence that the defendant violated a condition of his probation. *Id.*

Appellant does not challenge the sufficiency of the evidence to support his revocation. Instead, he argues that the trial court violated his constitutional right to confront witnesses

---

[1]The sentencing order mistakenly states that appellant was placed on suspension or probation and that the circuit court retained jurisdiction during the period of suspension or probation. The order as a whole makes it clear that appellant was sentenced to a term of imprisonment with no suspension or probation.

SLIP OPINION

against him when it allowed a copy of a laboratory report into evidence when the analyst who prepared the report did not testify at the hearing.

In support of his argument, appellant cites *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), in which the Supreme Court of the United States held that the admission of a lab report without the testimony of the person who created the report violated a defendant's rights under the Confrontation Clause. The right to confront witnesses does apply to revocation proceedings. *Goforth v. State*, 27 Ark. App. 150, 767 S.W.2d 537 (1989). However, a defendant shall give at least ten days' notice prior to the proceedings that he or she requests the presence of the laboratory analyst who performed the analysis for the purpose of cross-examination. Ark. Code Ann. § 12-12-313(d)(2) (Repl. 2009). *Melendez-Diaz* expressly allows for notice-requirement statutes such as section 12-12-313(d)(2). 557 U.S. at 326–27. Appellant failed to give the required ten days' notice. This court has previously upheld the admission of a laboratory report without the analyst's testimony when the defendant failed to provide the required notice of intent to cross-examine the analyst. *Jones v. State*, 2011 Ark. App. 683. Therefore, appellant's argument is without merit, and the trial court's sentencing order is affirmed.

Affirmed.

PITTMAN and GRUBER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

3