# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-2

| | |
|---|---|
| | **Opinion Delivered** October 22, 2014 |
| JARMAL CARLOS WILLIAMS<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[No. CR-2009-1628] |
| V. | HONORABLE RANDY PHILHOURS, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Jarmal Carlos Williams pled guilty to the offense of possession of a firearm by a felon and received a sentence of sixty months' probation pursuant to the plea agreement. After hearing allegations from the State that Williams's probation should be revoked based on multiple violations, the trial court sentenced him to seventeen years' incarceration in the Arkansas Department of Correction, with an additional three years' suspended imposition of sentence. On appeal, he claims there was not sufficient evidence to support the revocation. We disagree and affirm.

On June 13, 2013, the State filed a petition to revoke Williams's probation alleging (1) failure to pay fines, costs and fees as directed; (2) failure to report to probation as directed; (3) failure to pay probation fees; (4) failure to notify authorities of current address and employment; (5) possession of marijuana; and (6) additional charges of possession of a firearm by a felon, two

counts of possession of a defaced firearm, one count of criminal abuse of a prohibited weapon, and one count of furnishing a deadly weapon to a minor.

At the revocation hearing on October 3, 2013, the trial court revoked Williams's probation, finding that he violated the conditions of his probation by possessing marijuana, failing to pay fines, costs, and fees, and by possessing a firearm. However, on appeal, Williams only challenges the trial court's finding relating to his weapons-possession charge, alleging there was insufficient evidence connecting him to the weapons.

On appeal of a revocation, we review whether the trial court's findings are clearly erroneous. *Jones v. State*, 2013 Ark. App. 466, at 2. In order to revoke a probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. *Id.* Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Joiner v. State*, 2012 Ark. App. 380, at 4. Proof of just one violation of the terms and conditions of release is sufficient to support revocation. *Richardson v. State*, 85 Ark. App. 347, 350, 157 S.W.3d 536, 538 (2004).

Here, Williams's only argument on appeal is that there was insufficient evidence connecting him to the firearms to support the trial court's revocation finding. However, the trial court also found that Williams had violated the terms of his probation by possessing marijuana and failing to pay required fees, costs, and fines. As proof of just one violation of the terms and conditions of Williams's probation will support the revocation decision, and two violation findings remain unchallenged, we see no merit to the appeal and affirm the revocation.

Affirmed.
GLOVER and WOOD, JJ., agree.
*C. Brian Williams*, for appellant.
*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.