

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-15-484

ZACK RYAN
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

Opinion Delivered  November 4, 2015

APPEAL FROM THE POLK COUNTY CIRCUIT COURT
 [Nos. CR-10-196, CR-10-197, CR-10-199]

HONORABLE JERRY RYAN, JUDGE

REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED

## LARRY D. VAUGHT, Judge

Appellant Zack Ryan appeals the sentencing order entered by the Polk County Circuit Court on February 9, 2015, revoking his probation and sentencing him to ten years' imprisonment. On appeal he argues that (1) the trial court clearly erred in finding that the State proved he had violated at least one condition of his probation, and (2) the trial court violated his right to confrontation. We are unable to reach the merits of these arguments due to record and briefing deficiencies; therefore, we remand to settle and supplement the record and order rebriefing.

In 2011, Ryan pled guilty to committing five felonies in three separate cases. In case number 2010-196, Ryan pled guilty to possession of a schedule VI controlled substance with intent to deliver. In case number 2010-197, he pled guilty to delivery of a schedule III controlled substance and use of a communication device. And in case number 2010-199,

Ryan pled guilty to delivery of a schedule IV controlled substance and use of a communication device. Ryan received six years' probation for each count, to run concurrently. Ryan's probation conditions were attached to an order of probation entered May 9, 2011, and signed by the trial judge and Ryan.

On June 11, 2014, the State filed a petition to revoke Ryan's probation in cases numbered 2010-196, 2010-197, and 2010-199, alleging that he violated six conditions of probation: failure to lead a law-abiding life, failure to report to the probation officer, failure to be truthful, failure to undergo drug/alcohol treatment, failure to refrain from use/possession of controlled substances, and failure to refrain from use/possession of alcohol.

A revocation hearing was held in January 2015. The trial court entered a sentencing order on February 9, 2015, revoking Ryan's probation on six felony convictions.

We are unable to reach the merits of Ryan's appeal due to record and briefing deficiencies. The sentencing order from which Ryan appeals, dated February 9, 2015, includes a conviction, in case number 2011-20, for possession of a schedule IV controlled substance. However, there is no order in the record sentencing Ryan to probation for this crime.

Second, there are deficiencies in Ryan's abstract. The abstract of the revocation hearing includes only the testimony of Vici Fenwick, Ryan's probation officer. The abstract

does not include the trial court's revocation findings, Ryan's presentencing statement to the court, or the court's response to same.[1]

Third, the addendum is also deficient. The judgment and disposition order, entered May 12, 2011, detailing Ryan's guilty pleas in connection with five felony convictions in cases numbered 2010-196, 2010-197, and 2010-199, is not included in the addendum. As set forth above, the sentencing order from which Ryan appeals, dated February 9, 2015, includes a sixth conviction, in case number 2011-20, for possession of a schedule IV controlled substance; however, Ryan has failed to include in his addendum an order sentencing him to probation for this crime. Also missing from the addendum are multiple documents attached to the petition to revoke. These documents were specifically referenced by the trial court during Fenwick's testimony and are relied on by the State in its sufficiency-of-the-evidence argument on appeal.

Rule 4-2(a)(5) of the Rules of the Arkansas Supreme Court and Court of Appeals requires that an appellant abstract the material parts of all of the transcripts in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. *Id.*

Here, the abstract fails to include the trial court's revocation findings, statements made by Ryan prior to being sentenced, and the trial court's response, which included further relevant findings. This information is essential for our court to understand the case and to decide the issues on appeal.

---

[1]The State included a supplemental abstract in its brief, but it did not include the trial court's revocation findings. The supplemental abstract included only one sentence from Ryan's presentence statement and the trial court's response.

Arkansas Supreme Court Rule 4-2(a)(8) provides that the addendum must contain copies of the nontranscript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Because Ryan has failed to include the May 12, 2011 judgment and disposition order, the attachments to the petition to revoke probation, and evidence of a conviction in case number 2011-20, his addendum is deficient.

Based on these deficiencies, we remand this case to settle and supplement the record in accordance with Arkansas Rule of Appellate Procedure–Civil 6(e) (2015) and Arkansas Rule of Appellate Procedure–Criminal 4(a) (2015). Ryan must file a certified, supplemental record containing an order sentencing him to probation in case number 2011-20 within thirty days of this opinion's date. We also order rebriefing to correct the abstract and addendum deficiencies. The supplemental abstract, addendum, and brief shall be due fifteen days after Ryan files the supplemental record with this court's clerk. Ark. Sup. Ct. R. 4-2(b)(3) (2015). After service of the substituted brief, abstract, and addendum, the State shall have fifteen days to revise or supplement its brief or it may choose to rely on the brief previously filed in this appeal. *Id.*

While we have noted the above-mentioned deficiencies, we encourage Ryan's counsel to review Rule 4-2 in its entirety as it relates to the abstract and addendum, as well as the entire record, to ensure that no additional deficiencies are present.

Remanded to settle and supplement the record; rebriefing ordered.

ABRAMSON and HIXSON, JJ., agree.



*Randy Rainwater*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., and *Courtnie Holt*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.