
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-15-484

| | | |
|---|---|---|
| | | **Opinion Delivered** February 17, 2016 |
| ZACK RYAN | APPELLANT | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NOS. CR-10-196, CR-10-197, CR-10-199] |
| V. | | HONORABLE JERRY RYAN, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Zack Ryan appeals the sentencing order entered by the Polk County Circuit Court on February 9, 2015, revoking his probation and sentencing him to ten years' imprisonment. On appeal he argues that (1) the trial court clearly erred in finding that he had violated a condition of his probation, and (2) the trial court violated his right to confront his accuser. We affirm.

On May 12, 2011, Ryan pled guilty to possession of a schedule VI controlled substance with intent to deliver, delivery of a schedule III controlled substance, two counts of use of a communication device, and delivery of a schedule IV controlled substance. He received six years' probation for each count, to run concurrently. On July 12, 2011, Ryan pled guilty to possession of a schedule VI controlled substance and was sentenced to six years' probation, to run concurrent with his May 12, 2011 probation sentence.

On June 11, 2014, the State filed a petition to revoke Ryan's probation, alleging that he had violated six conditions of probation: failure to lead a law-abiding life, failure to report to his probation officer, failure to be truthful to his probation officer, failure to undergo drug-and-alcohol treatment, failure to refrain from the use or possession of controlled substances, and failure to refrain from the use or possession of alcohol.

A revocation hearing was held in January 2015. The only witness at the hearing was Ryan's initial probation officer, Vici Fenwick. She testified that she performed Ryan's intake in Polk County in May 2011. She said that in June 2011, Ryan requested that his probation be transferred to the Malvern office in Hot Spring County and that the request was granted.

Fenwick further testified that she filed the violation report against Ryan in May 2014. She stated that one condition of probation that Ryan allegedly violated was the requirement to lead a law-abiding life and commit no offense punishable by imprisonment. She explained that a Malvern probation officer contacted her in May 2014, advising that Ryan had been arrested and charged in Hot Spring County with three counts of producing, directing, or promoting a sexual performance by a child; three counts of distributing, possessing, or viewing of a minor; sexual assault; possession of a schedule IV or V controlled substance; and possession of drug paraphernalia. Fenwick testified that Ryan violated the condition of his probation requiring him to report to his probation officer by failing to attend his substance-abuse program on four occasions. She stated that he violated the condition of probation that required him to be truthful to his probation officer by failing to be truthful to his drug counselor. Fenwick said that Ryan violated a fourth condition of probation when he failed to attend drug treatment. And she testified that Ryan violated two separate conditions

SLIP OPINION

of probation by testing positive for drugs on eleven occasions in 2013–14 and testing positive twice for alcohol in 2013.[1]

At the conclusion of the hearing, the trial court found that Ryan had violated all six of the conditions of probation and entered a sentencing order on February 9, 2015, revoking Ryan's probation. This appeal followed.[2]

Ryan's first argument on appeal is a challenge to the sufficiency of the evidence supporting the revocation decision. The State must prove, by a preponderance of the evidence, that Ryan violated a condition of probation. *Lambert v. State*, 2013 Ark. App. 64, at 3, 426 S.W.3d 478, 480. But it need only prove that a defendant violated one probationary term or condition before a trial court may revoke probation. *Id.*, 426 S.W.3d at 480. We will not reverse the trial court's findings unless they are clearly against the preponderance of the evidence. *Id.*, 426 S.W.3d at 480. Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. *Id.*, 426 S.W.3d at 480. Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony; so we defer to the trial court's superior position when it comes to assessing a witness's believability. *Id.*, 426 S.W.3d at 480.

---

[1] Fenwick stated that Ryan tested positive for controlled substances in February 2013, May 2013, three times in July 2013, four times in August 2013, March 2014, and May 2014. She said that he tested positive for alcohol in July and October 2013.

[2] This is Ryan's second attempt to appeal his case. In *Ryan v. State*, 2015 Ark. App. 632, we remanded the case to settle and supplement the record and ordered rebriefing due to abstract and addendum deficiencies. These deficiencies have been corrected.

Ryan contends that the trial court clearly erred in concluding that he violated his probationary conditions. He contends that the State's evidence that he committed new offenses in May 2014 was based solely on the hearsay testimony offered by Fenwick. He argues that the State did not introduce any physical evidence, police reports, or court documents to support the new charges. He contends that evidence of his failure to report to his substance-abuse program does not establish that he failed to report to his probation officer. Likewise, he argues that failing to be truthful to his drug counselor does not establish that he failed to be truthful to his probation officer. Ryan argues that evidence of his failure to attend the substance-abuse program did not establish that he failed to undergo available drug/alcohol treatment as directed by the probation officer. And Ryan counters Fenwick's testimony about his positive drug-and-alcohol tests by pointing out that she did not know if he had offered any excuses as to why he tested positive for alcohol and drugs and that she did not know if he had been offered rehabilitation that would have helped him.

While the trial court found that the State proved by a preponderance of the evidence that Ryan had violated six conditions of his probation, only one violation is required. *Lambert*, 2013 Ark. App. 64, at 3, 426 S.W.3d at 480. Fenwick testified that Ryan tested positive for drugs and alcohol numerous times. The Arkansas Community Correction Adult Probation Officer's Affidavit, the Arkansas Community Correction Violation Report, the probation-officer supervision-contact notes, and the drug-test results were admitted into evidence without objection and confirm Fenwick's testimony that Ryan tested positive for drugs and alcohol on numerous occasions. Therefore, based on the evidence supporting

these two violations, we hold that the trial court's revocation decision was not clearly against the preponderance of the evidence.[3]

Ryan next contends that the trial court committed reversible error by allowing out-of-court statements of a Malvern probation officer into evidence in violation of the Confrontation Clause. Ryan points out that the trial court failed to make a good-cause finding for not allowing confrontation.

Although in a revocation hearing a defendant is not entitled to the full panoply of rights that attend a criminal prosecution, he is entitled to due process. *Goforth v. State*, 27 Ark. App. 150, 152, 767 S.W.2d 537, 538 (1989). The United States Supreme Court has held that in a revocation proceeding the accused is entitled to "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Id.*, 767 S.W.2d at 538 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). This holding is codified at Arkansas Code Annotated section 16-93-307(c)(1), (2) (Supp. 2015), which states that the defendant has the right to counsel and to confront and cross-examine an adverse witness unless the court specifically finds good cause for not allowing confrontation.

---

[3] Under his sufficiency-of-the-evidence argument, Ryan also argues that the trial court's revocation decision should be reversed because it failed to comply with Arkansas Code Annotated section 16-93-307(b)(5). Section 16-93-307(b)(5) provides in pertinent part that after a revocation hearing, if probation is revoked, the court shall prepare and furnish to the defendant a written statement of the evidence relied on and the reasons for revoking probation. Ark. Code Ann. § 16-93-307(b)(5) (Supp. 2015). Because Ryan did not raise this issue below, we do not address the argument. *Massey v. State*, 2015 Ark. App. 240, at 3–4; *see also Brandon v. State*, 300 Ark. 32, 776 S.W.2d 345 (1989); *Love v. State*, 2012 Ark. App. 600; *Dooly v. State*, 2010 Ark. App. 591, 377 S.W.3d 471.

In a probation-revocation proceeding the trial court must balance the probationer's right to confront witnesses against grounds asserted by the State for not requiring confrontation. *Id.*, 767 S.W.2d at 538 (citing *United States v. Bell*, 785 F.2d 640 (8th Cir. 1986)). First, the court should assess the explanation the State offers of why confrontation is undesirable or impractical. *Id.*, 767 S.W.2d at 538. A second factor that must be considered, and one that has been focused on by a number of courts, is the reliability of the evidence that the government offers in place of live testimony. *Id.*, 767 S.W.2d at 538.

Ryan is correct that the trial court violated his right to confront the Malvern probation officer. When Ryan objected to Fenwick's testimony about what the Malvern probation officer had told her about Ryan's arrest on the new charges, the trial court overruled the objection without further comment. The trial court did not require the State to explain why the Malvern probation officer was absent from the hearing, and the trial court did not make a good-cause finding for not allowing confrontation.

However, trial error involving the Sixth Amendment right to confront adverse witnesses is subject to a harmless-error analysis. *Green v. State*, 2015 Ark. App. 291, at 5, 461 S.W.3d 731, 734. Whether a Confrontation Clause violation is harmless error depends on a variety of factors, including the importance of the witness's testimony in the State's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and the overall strength of the State's case. *Id.*, 461 S.W.3d at 734 (citing *Delaware v. Van Arsdall*, 475 U.S. 673 (1986); *Andrews v. State*, 344 Ark. 606, 42 S.W.3d 484 (2001)).

In *Green*, our court affirmed the trial court's revocation decision despite its error in permitting an out-of-court statement in violation of the defendant's right to confront witnesses. We held that the error was harmless because there was other evidence that supported the revocation, rendering the out-of-court statement unnecessary. *Id.* at 5, 461 S.W.3d at 734; *see also Roston v. State*, 362 Ark. 408, 410, 208 S.W.3d 759, 761 (2005) (holding that the trial court's violation of the Confrontation Clause was harmless error because other evidence supported the trial court's revocation decision).

In the present case, the trial court's error in admitting the out-of-court statement of the Malvern probation officer, in violation of the Confrontation Clause, was harmless. As noted by the trial court at the conclusion of the hearing, revocation was warranted if all of the evidence relating to the 2015 charges was "completely ignored." This is because evidence regarding the new charges filed against Ryan was not necessary to prove the State's case for revocation. Fenwick testified that Ryan had violated two other conditions of his probation by testing positive for drugs and alcohol numerous times. Documentary evidence admitted into evidence supports these two violations as well. Therefore, the admission of the out-of-court statements of the Malvern probation officer was harmless error.

Affirmed.

HOOFMAN and BROWN, JJ., agree.

*Randy Rainwater*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., and *Courtney Holt*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.