SLIP OPINION

Cite as 2016 Ark. App. 488

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–707

|  |  |  |
|---|---|---|
| ELLIS BRISHER | | **Opinion Delivered** October 19, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS. 17CR-14-17, 17CR-14-39, 17CR14-211] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE MICHAEL MEDLOCK, JUDGE |
| | | REVERSED AND REMANDED |

## CLIFF HOOFMAN, Judge

Appellant Ellis Lee Brisher appeals from the Crawford County Circuit Court's revocation of his suspended imposition of sentence (SIS), for which he was sentenced to six years' imprisonment.[1] On appeal, Brisher argues that the circuit court violated the confrontation clause by allowing the police officers' testimony that the confidential informant had identified Brisher as the person who delivered oxycodone. We reverse and remand.

On April 18, 2014, Brisher pled guilty in case number 17CR–14–17 to fleeing in a vehicle, fleeing on foot, and driving on a suspended or revoked license. He was sentenced

---

[1]This appeal returns to us after we remanded to settle and supplement the record with the verbatim transcription of the audio recording of the drug-buy that was played at the revocation hearing. *Brisher v. State*, 2016 Ark. App. 108. We also ordered Brisher to file a substituted abstract, brief, and addendum incorporating the verbatim transcript. *Id*. He has complied with this court's previous opinion, and we may now address the merits of his argument on appeal.

to six years' SIS. On May 19, 2015, the State filed a petition to revoke Brisher's SIS in case number 17CR-14-17, alleging that he had violated the terms of his suspension by committing the new offense of delivery of oxycodone.[2]

At the revocation hearing held on June 18, 2015, Detective Mark House with the Van Buren Police Department testified that a confidential informant had participated in a controlled purchase of oxycodone from Brisher on January 22, 2015. House stated that he had searched the informant and his vehicle, that he had given the informant $100 to buy five pills, and that he had followed the informant to Brisher's apartment. House stated that he knew it was Brisher's residence based on data from the Van Buren Police Department. House testified that the informant wore a wire and that he could hear the entire transaction. Following the purchase, House followed the informant to a predetermined location, where the informant turned over the wire and the five oxycodone pills and indicated that it was Brisher who had sold him the pills. An audio recording of the controlled buy was played at the hearing and admitted into evidence.

Captain Shawn Firestine with the Crawford County Sheriff's Department testified that he assisted House during the controlled buy. Firestine stated that he and House had seen the informant knocking on the door of Brisher's apartment as they drove by, although they were not able to see him enter the residence. However, Firestine testified that they were able to hear the transaction as it happened.

---

[2]The petition also sought to revoke Brisher's suspended sentences in case numbers 17CR-14-39 and 17CR-14-211; however, the circuit court dismissed the revocation petition with respect to these two cases.

SLIP OPINION

On several occasions during both House's and Firestine's testimony, Brisher objected to the officers' statements about what the informant had reported on the basis that it violated his constitutional right to confront adverse witnesses. These objections were overruled by the circuit court. During cross-examination of House and Firestine, Brisher also asked them to disclose the identity of the confidential informant. The State objected, and the circuit court denied Brisher's requests without explanation. The informant did not testify, and at the conclusion of the hearing, Brisher again raised his confrontation-clause objection, which was denied. The circuit court found that Brisher had violated the terms of his SIS by committing the offense of delivery of oxycodone and sentenced him to six years' imprisonment. He filed a timely notice of appeal from the June 25, 2015 sentencing order.

For his sole argument on appeal, Brisher argues that the circuit court violated the confrontation clause by allowing Detective House and Captain Firestine to testify that the informant had identified Brisher as the person who had delivered the oxycodone, when the informant did not testify at the hearing. Even though in a revocation hearing a defendant is not entitled to the full panoply of rights that attend a criminal prosecution, he is entitled to due process. *Goforth v. State*, 27 Ark. App. 150, 767 S.W.2d 537 (1989). As we recognized in *Goforth*, the United States Supreme Court has held that a defendant is entitled to the right to confront and cross-examine adverse witnesses unless good cause is shown for not allowing confrontation. *Id.* at 152, 767 S.W.2d at 538 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). This holding has been codified at Arkansas Code Annotated section 16-93-307(c)(1) (Supp. 2015), which states that "[t]he defendant has the right to counsel and to confront and

cross-examine an adverse witness unless the court specifically finds good cause for not allowing confrontation[.]"

In *Goforth*, we stated that in a revocation proceeding, the trial court must balance the defendant's right to confront witnesses against the grounds asserted by the State for not requiring confrontation. *Id*. (citing *United States v. Bell*, 785 F.2d 640 (8th Cir. 1986)). The trial court should first assess the explanation the State offers for why confrontation is undesirable or impractical. *Id*. A second factor that should be considered is the reliability of the evidence that the government offers in place of live testimony. *Id*. We reversed the revocation of the defendant's probation in *Goforth* based on the trial court's failure to follow this procedure and to assess whether there was good cause for not requiring the adverse witness to testify.

Here, as Brisher asserts, there was no explanation offered by the State for why the informant was not available to be confronted. The circuit court denied Brisher's confrontation-clause objections without explaining the basis for its ruling. When Brisher inquired as to the name of the informant, the State merely stated, "Objection." The circuit court then denied Brisher's request, again without any explanation.

The State contends that it can be "inferred" from the testimony at the hearing that it would have been impractical to require the informant to testify because he was still working for the police. However, the State never offered this explanation at the hearing, and the circuit court never found that there was good cause for not requiring the informant to testify. There was also no argument by the State that the officers' testimony had some indicia of

SLIP OPINION

reliability. Thus, pursuant to *Goforth*, *supra*, and Arkansas Code Annotated section 16-93-307(c)(1), Brisher is correct that the circuit court violated his right of confrontation by admitting the officers' testimony regarding statements made by the confidential informant.

The State further argues that, even if there was error by the circuit court, it was harmless under the facts in this case. As the State asserts, error involving the Sixth Amendment right to confront witnesses is subject to a harmless-error analysis. *Ryan v. State*, 2016 Ark. App. 105, 484 S.W.3d 689. Whether a confrontation-clause violation is harmless error depends on a variety of factors, including "the importance of the witness's testimony in the State's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and the overall strength of the State's case." *Id.* at 6, 484 S.W.3d at 693–94.

Utilizing these factors, we agree with Brisher that the error was not harmless in this case. Both officers testified that they did not witness the controlled buy and that their identification of Brisher as the person who delivered the oxycodone was based solely on what the informant had told them. Thus, the testimony of the officers regarding the statements made by the informant was crucial to the State's case. Nor was this testimony cumulative, as there was no other evidence presented to identify Brisher. With regard to the third factor set out above, there was at least some evidence to corroborate the officers' testimony based on Detective House's testimony that he had verified from data at the police department that the residence belonged to Brisher. As to the fourth factor, there was no cross-examination

5

SLIP OPINION

of the informant, and this weighs against finding the error harmless. Finally, with regard to the strength of the State's case, the only violation of Brisher's SIS alleged by the State was the delivery of the oxycodone. Thus, the State's case rested on the informant's identity of Brisher as the person who had sold him the pills.

In *Graham v. State*, 2010 Ark. App. 162, a case with similar facts, this court reversed and remanded based on a confrontation-clause violation. In that case, there was also reason to believe that the defendant resided in the home where the controlled buy took place because the water service was in the defendant's name. *Id*. We nonetheless held that the error was not harmless where the informant had identified the defendant as the person who sold him the drugs and the revocation was based solely on the alleged delivery of the illegal drugs. *Id*.

The State attempts to distinguish *Graham* from the present case because the tape recording of the controlled buy was not played at the hearing in that case, and the officer did not testify in detail as to what he heard via the wire. While it is correct that the tape recording of the controlled buy in this case was played at the revocation hearing and that both officers testified about what they overheard during the buy, there was no evidence, other than the statements of the informant, to identify Brisher as the person the officers heard on that tape. In contrast, the officer in *Graham* identified the voice of the person discussing the drug transaction as that of the defendant. Thus, we do not agree that *Graham* is distinguishable, and we hold that the confrontation-clause error in this case was not harmless. We therefore reverse and remand for further proceedings. *See Graham*, *supra* (reversing and remanding for

the circuit court to determine whether, absent the informant's identification of the defendant, the State proved a violation by a preponderance of the evidence). *See also Goforth*, *supra* (reversing and remanding for further proceedings).

Reversed and remanded.

GRUBER and WHITEAKER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.