

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–16–736

| | | |
|---|---|---|
| | | Opinion Delivered June 21, 2017 |
| CORDERRO FOSTER | | APPEAL FROM THE JEFFERSON |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 35CR-14-283] |
| V. | | |
| | | HONORABLE ROBERT H. |
| STATE OF ARKANSAS | | WYATT, JR., JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO |
| | | WITHDRAW GRANTED |

**BRANDON J. HARRISON, Judge**

The Jefferson County Circuit Court revoked Corderro Foster's probation and sentenced him to six years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Foster's attorney has filed a no-merit brief along with a motion to withdraw, asserting that there is no issue of arguable merit for an appeal. Foster was notified of his right to file pro se points for reversal via certified mail, but he has not done so. We affirm the revocation and grant counsel's motion to withdraw.

In June 2014, Foster was charged with possession of a controlled substance (cocaine). Foster pled guilty to the charge and was sentenced to three years' probation. The terms of his probation included the provisions that he not commit a criminal offense punishable by imprisonment, not use drugs or drink alcohol, report to his supervising officer as directed, and pay fines and costs as directed.

SLIP OPINION

In January 2015, the State petitioned to revoke Foster's probation, alleging that he had violated his probation by committing the crimes of residential burglary and theft of property, using benzodiazepines and marijuana, failing to report as instructed, and failing to pay certain fines and costs. The State filed a supplemental petition in March 2015 and attached a criminal information showing that Foster had recently been charged with aggravated robbery, possession of a firearm by certain persons, and theft by receiving.

The circuit court held a revocation hearing in February 2016. Pine Bluff Police Detective Mike Sweeney testified that he had investigated an aggravated robbery that occurred on 12 January 2015 and that Foster was one of the defendants in that case. Sweeney explained that Foster and two other gentlemen had allegedly followed an elderly couple home from the grocery store and robbed them. Foster was tentatively identified by the victims as one of the suspects. After Foster and the other suspects had been taken into custody several days after the robbery, Foster admitted to having been at the grocery store that day but denied any other involvement. One of the other suspects, however, admitted that they had followed the couple home and robbed them at gunpoint.

Sweeney also described a burglary that occurred on 4 November 2014 wherein two televisions were stolen from a residence. No one in the residence was a smoker, and a cigarette butt found in the house contained Foster's DNA. Police located a stolen vehicle containing the two stolen televisions a short distance from the residence; Foster's fingerprints were found on the stolen vehicle.

Sergeant Mickey Buffkin with the Jefferson County Sheriff's Department testified that he had investigated an alleged escape from the Dub Braswell Detention Center in

January 2015. He testified that the two escapees, Foster and another individual, had escaped by assisting each other in removing their handcuffs and fleeing through an open bay door. The two men injured a guard during their escape, and they were charged with first-degree escape and second-degree battery.

The circuit court found that the State had proven by a preponderance of the evidence that Foster had violated the terms and conditions of his probation "for numerous rules violations." The court noted that Foster had been charged in at least three new cases involving eight new felonies since he had been placed on probation. Foster's probation was revoked, and he was sentenced to six years' imprisonment.

On appeal of a revocation, we review whether the circuit court's findings are clearly against the preponderance of the evidence. *Jones v. State*, 2013 Ark. App. 466. To revoke probation, the State has the burden of proving by a preponderance of the evidence that a condition of probation was violated. *Id.* Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Joiner v. State*, 2012 Ark. App. 380. Proof of just one violation of the terms and conditions of release is sufficient to support revocation. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004).

Foster's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and

requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*.

In this case, counsel correctly notes that the only adverse ruling was the revocation of Foster's probation. Counsel asserts that the circuit court was correct in its ruling that Foster was in violation of the terms of his probation and that there was sufficient evidence to revoke and sentence him. We agree; the circuit court heard sufficient evidence to find by a preponderance of the evidence that Foster had violated his probation by committing a criminal offense punishable by imprisonment.

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the trial court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*, 2013 Ark. App. 323. In this case, we find compliance with Rule 4-3(k)(1) and *Anders* and hold that there is no merit to this appeal.

Affirmed; motion to withdraw granted.

GRUBER, C.J., and HIXSON, J., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

No response.